Question Submitted by: Insurance Commissioner John D. Doak, Oklahoma Insurance Department
2015 OK AG 5
Decided: 06/25/2015
Oklahoma Attorney General Opinions

Cite as: 2015 OK AG 5, __ __

 
¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question: 
Title 36 O.S.Supp.2014, § 7301 requires dentists to provide "covered services" under a subscriber agreement, for fees set by the negotiated fee schedule listed in a network provider agreement. Must a dentist abide by the negotiated fee schedule for a covered service if reimbursement for that service is limited by certain cost-sharing measures? 
¶1 Your question centers on the interpretation of 36 O.S.Supp.2014, § 7301 which provides in relevant part:

A. No contract between a dental plan of a health benefit plan and a dentist for the provision of services to patients may require that a dentist provide services to its subscribers at a fee set by the health benefit plan unless the services are covered services under the applicable subscriber agreement.
B. As used in this section:
1. "Covered services" means services reimbursable under the applicable subscriber agreement, subject to the contractual limitations on subscriber benefits as may apply, including, for example, deductibles, waiting period or frequency limitations[.]

Id. Subsection A describes the interaction between two different contracts: a "network provider agreement" and a "subscriber agreement." A network provider agreement is the "contract between a dental plan of a health benefit plan and a dentist" referenced in subsection A. Id. § 7301(A). A network provider agreement contains negotiated fee schedules that set the maximum amount a dentist may charge for certain services. A subscriber agreement is the contract between the dental plan and the insured member. A subscriber agreement sets out the "covered services" that the insured is entitled to under that contract. Along with listing the services covered under the dental plan, the subscriber agreement contains guidelines for certain cost-sharing measures that encourage insured members not to overuse their insurance. Deductibles, waiting periods, frequency limitations, maximum allowable benefits, and co-payments are common cost-sharing measures. 
¶2 Your question turns on the meaning of "covered services" and the interplay between covered services and cost-sharing measures. More specifically, you ask whether an otherwise covered service is deemed to be non-covered if the amount being reimbursed is limited by cost-sharing measures such as deductibles, waiting periods, and frequency limitations. We consider the interplay between covered services and cost-sharing measures below.
¶3 To begin, Section 7301 is unambiguous. Therefore, in answering your question we assign the plain meaning to the words as written. State ex rel. Pruitt v. Native Wholesale Supply, 2014 OK 49, ¶ 31, 338 P.3d 613, 624 ("In reviewing [a statute], we begin with the language, and if it is unambiguous, we assign the plain meaning to the words."). 
¶4 As noted above, covered services are those services that are "reimbursable under the applicable subscriber agreement, subject to the contractual limitations on subscriber benefits as may apply." 36 O.S.Supp.2014, § 7301(B)(1). The first clause describes covered services as those services that are reimbursable under the subscriber agreement. Because the statute does not set out a definition for the word "reimbursable," we look to that term's plain meaning. "Reimbursable" is used to refer to something that is capable of being reimbursed or repaid. Webster's Third New International Dictionary 1914 (3rd ed. 1993) (defining "reimbursable" as repayable). Therefore, a "covered service" is any service that is capable of being reimbursed or repaid under the subscriber agreement. The second clause of Section 7301(B)(1) referring to certain cost-sharing measures merely recognizes that the extent to which a service is reimbursable may depend on cost-sharing measures such as deductibles, waiting periods, and frequency limitations. 
¶5 Had the Legislature defined covered services as those services reimbursed, as opposed to reimbursable, under the subscriber agreement, we would reach a different conclusion. For example, in Iowa Dental Association v. Iowa Insurance Division, 831 N.W.2d 138 (Iowa 2013), the Supreme Court of Iowa concluded that services subjected to cost-sharing measures such as balance billing, waiting periods, frequency limitations, deductibles, and maximum annual benefits were not covered services because the Iowa statute at issue defined covered services as "services reimbursed under the dental plan." Iowa Code Ann. § 514C.3B(3)(b) (West 2015). Because "covered services" were those services actually reimbursed, the Supreme Court of Iowa held that an insurer could only impose a maximum fee on a service if that service were to be reimbursed. Iowa Dental Ass'n, 831 N.W.2d at 149.
¶6 Thus, the distinction between reimbursable and reimbursed is critical. While Oklahoma's statute provides that any service capable of being reimbursed is a covered service, a statute defining covered services as those that are actually reimbursed results in the conclusion reached by the Supreme Court of Iowa. As that court stated, such services would not meet the definition of covered services "because they have not been 'reimbursed under the dental plan.'" Iowa Dental Ass'n, 831 N.W.2d at 139. And notably, even while the Supreme Court of Iowa held that services subjected to cost-sharing measures were not covered services, it nonetheless found that cost-sharing measures themselves do not carve out a class of non-covered services. See id. at 147 (finding that cost-sharing measures do not qualify the definition of covered services as those services actually reimbursed, but merely "clarify that insurers retain certain rights relating to 'covered services.'"). Similarly, the "subject to" language in Section 7301 is not intended to qualify the definition of "covered services"--i.e., services reimbursable under the applicable subscriber agreement. Rather, it is intended to recognize that the extent to which a covered service is reimbursed is dependent upon certain cost-sharing measures.
¶7 This issue was initially considered in A.G. Opinion 13-21, issued on December 11, 2013. At that time, we concluded that services limited by cost-sharing provisions, namely frequency limitations, were not covered services as defined by Section 7301. In that initial analysis, we concluded that the "subject to" language in Section 7301 could be read to modify covered services; that is, that a service is a covered service limited by deductibles, waiting periods, and frequency limitations.
¶8 But after receiving a subsequent request from your office, we reexamined Section 7301 and conducted further research into similar statutes. Based on that research, we now conclude that services subject to certain contractual limitations such as deductibles, waiting periods, or frequency limitations are covered services as defined by Section 7301. 
¶9 In reaching our conclusion today, we give meaning to the plain language of Section 7301 and find that the "subject to" language in Section 7301 modifies the word "reimbursable" instead of "covered services." The "subject to" language merely acknowledges the industry practice of including cost-sharing measures in subscriber agreements; inclusion of that language was not intended to carve out a class of non-covered services. The definition of covered services clearly includes any service that is capable of being reimbursed. Because services subject to cost-sharing measures are capable of being reimbursed, those services are "covered services" as defined in Section 7301. 

¶10 It is, therefore, the official Opinion of the Attorney General that:
1. A "covered service" is one that is "reimbursable under the applicable subscriber agreement, subject to the contractual limitation on subscriber benefits as may apply, including, for example, deductibles, waiting period or frequency limitations[.]" 36 O.S.Supp.2014, § 7301(B)(1). Therefore, a service that is reimbursable under a subscriber agreement is a covered service even if it is subjected to cost-sharing measures. To the extent this Opinion conflicts with A.G. Opin. 13-21, that Opinion is withdrawn.
2. Accordingly, pursuant to the negotiated fee schedule insurers may limit fees charged by dentists for types of services that are eligible for reimbursement but that are not, in fact, fully reimbursed under the subscriber agreement. 

E. SCOTT PRUITT
Attorney General of Oklahoma
SaraH A. Greenwalt
Assistant Solicitor General

 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2014 OK 49, 338 P.3d 613, 
STATE ex rel. PRUITT v. NATIVE WHOLESALE SUPPLY
Discussed

Title 36. Insurance

 
Cite
Name
Level

 
36 O.S. 7301, 
Regulation by Health Benefit Plan of Dental Plan Fees for Noncovered Services - Appeal Procedures
Discussed at Length